```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
                                      :
JANESKY GERMOSEN,                     :      16cv4713 (DLC)
                         Petitioner,  :      03cr1102 (DLC)
                                      :
            -v-                       :      MEMORANDUM OPINION
                                      :          AND ORDER
UNITED STATES OF AMERICA,             :
                                      :
                         Respondent.  :
                                      :
--------------------------------------X
```

DENISE COTE, District Judge:

Petitioner Janesky Germosen ("Germosen") has moved under 28 U.S.C. § 2255 to vacate his conviction under 18 U.S.C. § 924(c) and has requested a stay of his petition. For the reasons that follow, the petition and the request for a stay are denied.

## Background

On January 15, 2004, Germosen pleaded guilty to (1) conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951, (2) brandishing a firearm during and in relation to a robbery in violation of 18 U.S.C. § 924(c),[1] and (3) conspiracy to distribute and possess with intent to distribute cocaine in

---

[1] In pertinent part, § 924(c)(1)(A) provides: "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years." 18 U.S.C. § 924(c)(1)(A). The term of imprisonment is increased to seven years if the firearm is brandished. 18 U.S.C. § 924(c)(1)(A)(ii).

violation of 21 U.S.C. § 846.  During his plea allocution, Germosen admitted that he acted as the driver for a robbery in Englewood, New Jersey, in which Germosen and his co-conspirators planned to steal cocaine.  Germosen had arranged for guns to be dropped off near the scene of the robbery and he expected the guns to be brandished to effectuate the robbery.  In a written plea agreement that Germosen executed at the time of his plea, Germosen waived his right to litigate any sentence at or below 272 months' imprisonment.[2]

On October 29, the Court sentenced Germosen principally to 184 months' imprisonment, which included 100 months for conspiracy to commit Hobbs Act robbery and conspiracy to distribute cocaine, followed by a mandatory and consecutive term of imprisonment of 84 months for brandishing a weapon during the robbery.  Germosen appealed his sentence, and the appeal was dismissed by the United States Court of Appeals for the Second Circuit on April 7, 2006.  On October 14, 2015, the Court denied Germosen's motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c).

On June 21, 2016, Germosen filed a placeholder petition to vacate his sentence under 28 U.S.C. § 2255.  He raises one argument: that his conviction under § 924(c)(1)(A) should be vacated in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), because Hobbs Act robbery

---

[2] At sentencing, the Court determined the guidelines range, inclusive of the seven year consecutive sentence, to be 184 to 209 months' imprisonment.

2

no longer qualifies as a "crime of violence" as defined by § 924(c)(3).  By Order of July 18, the Court required Germosen to propose a briefing schedule for supplemental briefing on his petition.  By memorandum endorsement of July 28, the Court adopted Germosen's proposed scheduled in which his supplemental brief was due on August 31 and the Government's opposition is due on September 30.  Germosen did not submit his supplemental brief on August 31, and instead submitted a request to stay this petition, as described more fully below.

## Discussion

I.  **Motion to Vacate Conviction**

In Johnson, the Supreme Court held that a portion of the definition of crime of violence in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague.  Id. at 2563.  Germosen contends that his conviction under § 924(c)(1)(A) should be vacated because § 924(c)(1)(A)'s definition of "crime of violence," which is contained in § 924(c)(3) and is different from the one at issue in Johnson, is unconstitutionally vague, and that Hobbs Act robbery no longer qualifies as a "crime of violence."  As used in § 924(c),

> the term 'crime of violence' means an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

3

18 U.S.C. § 924(c)(3).  The Second Circuit recently held in United States v. Hill, No. 14-3872-CR, 2016 WL 4120667 (2d Cir. Aug. 3, 2016), that (1) the reasoning in Johnson does not apply to the definition of "crime of violence" under § 924(c)(3), (2) the definition in § 924(c)(3) is not void for vagueness, and (3) that Hobbs Act robbery is a crime of violence as defined by § 924(c)(3).  Because Germosen's conviction under § 924(c)(1)(A) is predicated on Hobbs Act robbery, his petition is foreclosed by Hill.  Accordingly, Germosen's petition is denied.

## II.  Motion to Stay

Germosen requests a stay of his petition pending the disposition of two cases he contends are relevant to his petition: (1) the Second Circuit's decision in United States v. Barrett, No. 14-2614, which was argued in January 2016 and also involves a challenge to the definition of "crime of violence" in 18 U.S.C. § 924(c), and (2) a petition for certiorari or motion for rehearing in Hill, which will likely be filed by the Federal Defenders.[3]

"District courts may stay a case pursuant to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Maritima de Ecologia, S.A. de C.V. v. Sealion Shipping Ltd., No. 10cv8134 (DLC), 2011 WL 1465744, at

---

[3] The Federal Defenders of New York represent Germosen and the defendant in Hill.

4

\*5 (S.D.N.Y. Apr. 15, 2011) (citation omitted).  "For instance, a trial court may, with propriety, enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."  Id. (citation omitted).  "The Court must consider factors such as the desirability of avoiding piecemeal litigation."  Id. (citation omitted).

A stay is not warranted because Hill determined that the reasoning in Johnson does not apply to the definition of "crime of violence" in 18 U.S.C. § 924(c) and that Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)(3).  Germosen does not explain why the decision in Barrett, insofar as it concerns the impact of Johnson on a § 924(c) conviction and the status of Hobbs Act robbery as a crime of violence, will not be controlled by the holding in Hill.

## **Conclusion**

Germosen's application for a stay is denied. Germosen's June 21, 2016 petition is denied. The petitioner has not made a substantial showing of a denial of a federal right and appellate review is, therefore, not warranted. Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court is directed to close the civil case, docket number 16cv4713.

Dated:   New York, New York
         September 2, 2016

                                    _____
                                         DENISE COTE
                                    United States District Judge